UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES PERRETTI,
Plaintiff,
v.
SSA COMMISSIONER,
Defendant.

Case No. 25-cv-02759-TSH

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

Re: Dkt. No. 20

## I. INTRODUCTION

After Plaintiff Charles Perretti brought this action for review of the Commissioner of Social Security's decision to deny benefits, the Court remanded the case and the Commissioner issued a favorable decision. Plaintiff's attorney, Katherine R. Siegfried, now seeks $35,982.25 in attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 20. For the following reasons, the Court **GRANTS** the motion.

## II. BACKGROUND

Plaintiff brought this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). On August 26, 2025, the Court remanded the case for further proceedings. ECF No. 16. The Court subsequently granted the parties' stipulation for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $9,700. ECF No. 19. On remand, the Commissioner granted Plaintiff's application and awarded disability benefits. Siegfried Decl. ¶ 6, ECF No. 20-2; *id.*, Ex. 3 (Notice of Award), ECF No. 20-5. The Notice of Award states that Plaintiff's past-due benefits for April 2021 through June 2026 total $143,929, and that the Social Security Administration withheld 25 percent of that amount, $35,982.25, to pay his representative.

United States District Court
Northern District of California

Siegfried filed the present motion on September 7, 2026. Under a contingent-fee agreement signed March 13, 2025, Plaintiff agreed to pay counsel up to 25% of any past-due benefits award. Siegfried Decl. ¶ 4 & Ex. 2 (Fee Agreement), ECF No. 20-4. Siegfried now seeks $35,982.25. Mot. at 1. The government did not file a response, and Plaintiff has not filed any objection to the motion.

## III. LEGAL STANDARD

Attorneys handling social security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award pursuant to § 406 of the Social Security Act is paid out of a successful claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *abrogated on other grounds by Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht*, 535 U.S. at 805.

The Supreme Court in *Gisbrecht v. Barnhart* explained that § 406(b) is meant "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. 789, 793 (2002). Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits

that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1149. The court "may require counsel to submit a record of hours spent and a statement of normal hourly billing charges," and may consider the lodestar calculation "*only as an aid* in assessing the reasonableness of the fee." *Id*. at 1151 (emphasis in original).

Additionally, a § 406(b) fee award is offset by any award of EAJA fees. Thus, if the court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

## IV. DISCUSSION

The Court finds counsel has met her burden to demonstrate that the requested fees are reasonable. As noted above, Plaintiff entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Siegfried's performance was substandard; to the contrary, counsel's representation resulted in Plaintiff receiving past-due benefits. *See Serra v. O'Malley*, 2026 WL 2573304, at *2 (N.D. Cal. Aug. 31, 2026) (awarding Siegfried 25% under contingent fee agreement where plaintiff received benefits upon remand); *Kraft v. Comm'r of Soc. Sec.*, 2025 WL 3522722, at *2 (N.D. Cal. Dec. 9, 2025) (same).

Siegfried's itemized timesheet reflects 48.4 hours of work, which yields an effective hourly rate of about $743. Siegfried Decl. ¶ 5 & Ex. 1 (timesheet), ECF No. 20-3. This is in line with rates awarded in this District. *See W. v. Kijakazi*, 2026 WL 1736995, at *2 (N.D. Cal. June 16, 2026) (approving effective rate of $1,562.50); *Seh v. Berryhill*, 2021 WL 2333896, at *1-2 (N.D. Cal. June 8, 2021) (approving effective rate of $1,519.92); *Ainsworth v. Berryhill*, 2020 WL 6149710, at *2-3 (N.D. Cal. Oct. 20, 2020) (approving effective rate of $1,325.34). Further, the Ninth Circuit has recognized that in assessing reasonableness, the court should not start with the lodestar method because "the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits

United States District Court
Northern District of California

attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded." *Crawford*, 586 F.3d at 1150. The Court is also mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

*Crawford* also directs courts to consider "the complexity and risk involved in the specific case at issue." 586 F.3d at 1153. When counsel accepted this representation in March 2025, Plaintiff's claim had been denied at every level of administrative review, Mot. at 2, and any fee depended on obtaining both a remand and a favorable decision on remand. Nothing suggests counsel delayed the case: the parties stipulated to remand roughly five months after counsel filed this action, and counsel will receive no share of Plaintiff's ongoing monthly benefits. *See Crawford*, 586 F.3d at 1152 ("The attorneys will receive no percentage of the substantial future benefits paid to the claimants following their successful representation."). The Court therefore finds the requested fees are reasonable.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Id.* Here, the Court finds counsel's § 406(b) request reasonable, and therefore counsel shall refund to Plaintiff the $9,700 in EAJA fees previously awarded.

United States District Court
Northern District of California

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $35,982.25, payable to Katherine Siegfried. Counsel is **ORDERED** to refund the $9.700 EAJA fee award to Plaintiff.

**IT IS SO ORDERED.**

Dated: October 23, 2026

THOMAS S. HIXSON
United States Magistrate Judge